New York County.—Hon. D. G. ROLLINS, Surro-gate.—May, 1887.

MATTER OF COWDREY.

*In the matter of the estate of* NATHANIEL C. COWDREY, *deceased.*

A petition presented, under Code Civ. Pro., § 2717, by an alleged creditor of a decedent, praying for an accounting by the executor, and the pay-ment of petitioner's claim, may, where eighteen months have expired since the issuance of letters testamentary, be granted so far as to re-quire an accounting, though subject to dismissal as to the payment by reason of a dispute with respect to the validity of the demand.

In a special proceeding instituted, under Code Civ. Pro., § 2717, for the payment of a creditor's claim, a dispute as to whether the same has been admitted by the executor or administrator, is a dispute about its validity and legality, and necessitates a dismissal of the petition under id., § 2718.

PETITION by Agnes E. Tracy, an alleged creditor of decedent, for a decree directing payment of her claim.

SEWARD, DA COSTA & GUTHRIE, *for petitioner.*

ARTHUR C. BUTTS, *for executrix.*

THE SURROGATE.—The petitioner alleges herself to be a creditor of this testator, and asks for an order directing his executrix to render an account and to pay her claim against this estate, amounting, with in-

terest, to over $10,000. She avers in her petition that she caused this claim to be presented to the executrix for payment on December 2d, 1885, and that the executrix did not dispute the same, but, on the contrary, admitted it. The respondent protests, by a duly verified answer, that she made no such admission, insists that the claim is invalid and illegal, and makes certain statements under oath which show that its validity and legality are doubtful.

Does the interposition of this answer necessitate the dismissal of the petition so far as the petition asks for the payment of money ?

If it were conceded that the respondent had heretofore formally admitted the claim which she now assails, or if such an admission were established by uncontroverted evidence, I should be justified in holding that such claim is no longer open to dispute (Lambert v. Craft, 98 *N. Y.*, 342). It was held in that case that where an executor or administrator admits a claim, or fails to reject it after its presentation and after reasonable opportunity for examination as to its validity and fairness, it acquires the character of a liquidated and undisputed indebtedness against his decedent's estate. This decision strictly relates to such claims only as are presented pending the publication of notice to creditors or after such publication has ceased; and the court, referring to the burden imposed by the short Statute of Limitations upon a decedent's creditors, declares that the scheme for the speedy settlement of estates of deceased persons would be imperfect if it did not secure to the creditor some corresponding advantage.

But while the case at bar differs from that of Lambert v. Craft, in the fact that the occasion of the presentation of the claim here in controversy and the various occasions when it is alleged to have been admitted by this respondent, were all prior to the entry of the order for publication of notice to creditors, I do not regard this difference as important; for § 1822 of the Code, which declares the circumstances under which the " short statute " may be put in operation was amended in 1882 (L. 1882, ch. 399), and in all cases where a publication is had, that statute now runs against claims presented *before* such publication as well against claims presented *subsequently*.  So far, therefore, as the decision in Lambert v. Craft is based upon the reciprocal rights and duties of a decedent's creditors and the representative of his estate, it is fully applicable to the present situation.

But it is not decisive of this case, for the reason that the respondent herein has confronted the petitioner's claim with a verified answer which serves to oust the Surrogate of jurisdiction.  A dispute as to whether that claim has or has not been admitted is a dispute about its validity and legality, and the petition for its payment must therefore be dismissed (Hurlburt v. Durant, 88 *N. Y.* 121).

Eighteen months have now elapsed since the respondent obtained letters testamentary.  She must be directed to account.

The fact that the petitioner's claim is in dispute is no ground for denying her application for an accounting (Schmidt v. Heusner, 4 *Dem.*, 275).