IN THE MATTER OF THE ESTATE OF JOHN CALLAHAN,
DECEASED.

*Executors and administrators — when a creditor can compel an accounting — a claim in dispute — order to account — service of such order on the executor not necessary — appeal from a decision upon which no order was entered.*

A petition was presented to a surrogate showing that, although more than eighteen months had elapsed since her appointment, an executrix had not filed an account, and asking that a citation issue requiring her to show cause why she should not do so. A citation was issued, and thereupon the executrix presented an affidavit tending to show that the petitioner had no valid claim against the estate. The executrix also showed that she was the residuary legatee, was ready to pay all just claims; that after certain actions relative to the claim in question had been disposed of the claim was presented to her, was rejected by her, and that six months had elapsed since its rejection.

The petitioner denied, by affidavit, that the claim had been rejected. Thereupon the surrogate ordered an account, from which order the executrix appealed.

Subsequently, no account having been filed, the petitioner applied for an order that the executrix show cause why a warrant of attachment should not issue. Upon the hearing on the return day it appeared that the order to account had never been served on the executrix. The surrogate made a decision, upon which no order was entered, that the executrix account by a certain date or that a warrant of attachment should issue; and the executrix assuming that this decision was an order appealed from it.

*Held,* that there could be no appeal from a decision upon which no order was entered.

That if such an appeal could have been entertained there would have been no merit in the objection that the order to account was never served upon the executrix, inasmuch as section 2727 of the Code of Civil Procedure provided that such an order bound the executrix without service.

That the order to account was valid.

That, under sections 2724, 2726 and 2727 of the Code of Civil Procedure, a surrogate must, upon the petition of a creditor, make an order directing an account unless good cause to the contrary be shown; and that none was shown in this case.

That if the claim had been in dispute, this afforded no ground for denying the application.

APPEAL by Mary A. McGuire, executrix of John Callahan, deceased, from an order of the Surrogate's Court of the city and county of New York, made on the 14th day of April, 1892, directing her to account as such executrix; and also from a decision, described in the notice of appeal as an order of the said surrogate, made on the 26th day of May, 1892, deciding that an order to account need not be served, and directing the executrix to file an account by

May 31, 1892, and that on default thereof an attachment against her should issue.

*Thomas J. McKee*, for the executrix, appellant.

*W. W. Niles*, for the petitioner, respondent.

O'BRIEN, J. :

In this proceeding a petition was presented to the surrogate showing that the executrix of the deceased had not filed any account, though more than eighteen months had elapsed since her appointment, and asking that a citation issue requiring the executrix to appear and show cause why she should not render and settle her accounts as such executrix. A citation having been issued, the executrix, on the return thereof, submitted an affidavit in which she asserted that the petitioner had no valid claim against the estate, and in support of this allegation reviewed certain steps taken by the petitioner to establish the validity of the claim. The first of these was an action brought by the petitioner against the deceased in his lifetime, which, upon his death, resulted in the substitution of the executrix as defendant in his place and stead, who thereupon interposed her answer denying the petitioner's right to recover in the action. This action, after issue joined, was, upon the application of the petitioner, discontinued upon the condition that the petitioner pay the costs. The executrix further shows that afterwards an action was brought against the auctioneers who sold the property, out of which this claim is alleged to have arisen, and that this action, after issue joined, came on for trial, and a judgment upon the merits was rendered in favor of the auctioneers and against the petitioner. The executrix also swears that under the will she was made the residuary legatee, and, as such, took and holds possession of all the property of the estate, and avers her readiness to pay any and all just claims due, and assigns as a reason for not filing an account that all debts due by the deceased have been fully liquidated. She also states that after the disposition of the actions above referred to, a claim was presented by the petitioner, which claim was rejected, and that six months have elapsed since such rejection.

The answering affidavits dispute the statement made by the executrix with respect to the rejection of the claim; and while the presentation of the claim is conceded, a question upon the conflicting

statements was presented as to whether or not it was ever rejected by the executrix.

Upon the proceedings thus had, the surrogate made the order directing the executrix to file an account of her proceedings, and from this order the first appeal is taken.

Thereafter, upon failure to comply with the terms of this order, an application was made for an order to show cause why a warrant of attachment should not issue against the executrix, which was granted. In answer to such order to show cause, many of the facts averred in her former affidavit were presented as reasons why an account should not be filed, and the special point was made that the order of the surrogate requiring her to account had not been served. Upon this motion the surrogate made his decision as follows : " On examination, I find the statute does not require service of the order. (Sec § 2727.) The account must be filed on or before May 31, 1892, or a warant of attachment will issue."

No order was entered upon this decision of the surrogate. The appellant, however, assuming that this decision was an order, has appealed therefrom.

This last appeal, purporting to be from an order of the surrogate, when no such order, so far as appears, is in existence, must be dismissed, as we are aware of no practice which will permit an appeal from an opinion rendered by a surrogate or judge, in the absence of an order, decree or judgment made thereon and properly entered. Were the question presented upon this appeal, however, before us, it would be without merit, for the reason that, if the original order directing the executrix to account was proper, the surrogate, upon her failing to comply with the directions contained in the order, would be justified in granting a warrant of attachment. The point relied upon of non-service of the order was correctly disposed of by the surrogate, as will be found by a reading of the section referred to by him (Code of Civ. Pro. § 2727) which states : " The executor or administrator is bound by such an order without service thereof."

This brings us to the main question presented upon this appeal, as to the validity of the order of the surrogate directing the executrix to file an account. As shown by the case of *Thompson* v. *Thompson* (1 Brad., 26), the Revised Statutes authorized the surrogate of his own motion to enforce the return of an inventory after

three months from the date of letters. (2 R. S. [3d ed.], § 18, p. 149.) Whether this power still exists in the surrogate it is unnecessary for us to determine, it appearing here that the order was made upon the petition of a creditor, and the authority of the surrogate under such circumstances to make the order is expressly conferred by the Code of Civil Procedure, sections 2724, 2726, 2727. By the latter section, upon a petition being presented by a creditor, the surrogate must make an order directing an account, unless good cause to the contrary is shown.

The appellant insists, however, that good cause is shown, by reason of the circumstances set forth in the answering affidavit, to the effect that all other claims against the estate have been liquidated, and that she has sufficient moneys in her hands, and stands ready and willing to pay all just debts due; and that the further fact that the petitioner's claim is disputed is a good reason why she should not be compelled to file an account. Notwithstanding the proceedings resorted to by the petitioner to enforce payment of a claim, which it would appear were ineffectual, it is conceded that subsequent thereto the petitioner filed the claim with the executrix; and whether the same was rejected or not, we think, upon the affidavits presented, was undoubtedly and properly resolved by the learned surrogate in the petitioner's favor. If, however, we were to assume that the claim of the petitioner was in dispute, this would be no reason for denying the application. This question has been directly passed upon by the Surrogate's Court in the *Estate of Cowdrey* (8 N. Y. St. Rep., 774), wherein it was held that eighteen months having elapsed since the executrix had obtained letters testamentary, she must be directed to account; and further held that the fact that the petitioner's claim is in dispute, was no ground for denying her application for an accounting. While this decision is in no way controlling upon us, an examination of the reasons for the conclusions reached by the surrogate in that case, and of the authorities relied upon by him, will show that it is well supported.

Upon examining this record, we find no reason to interfere with the disposition made by the learned surrogate, and the orders appealed from should be affirmed, with costs and disbursements.

BARRETT, J., concurred.

Order affirmed, with costs and disbursements.