In the Matter of the Estate of DAVID STEVENSON, Deceased.

MAURICE S. COHEN, Appellant, *v.* SEWANEE M. STEVENSON, JAMES D. SMITH and JAMES McCLENAHAN, Executors, Respondents.

*Discretion of Surrogate's Court, when exercised — proceedings to compel a judicial settlement, when discretionary — when the surrogate may compel an account.*

A Surrogate's Court which has issued a citation on a petition made by a creditor of an estate to compel the executors thereof to render an account and to pay his claim, has not thereby exhausted its discretion, and can thereafter, in further exercise of its discretion, dismiss the proceeding.

The discretion vested in a Surrogate's Court, to dismiss a proceeding, brought by a creditor of a decedent to direct the payment of his claim by the executor, may be exercised whenever it appears that the validity of the petitioner's claim has not been conceded or established.

In case a year has elapsed since letters were issued to an executor, a Surrogate's Court has power on its own motion, with or without a petition, to require from the executor a judicial settlement of his account.

A petitioner, on an application to compel a judicial settlement, must show that he is a creditor having an admitted or established claim before he can, as a matter of right, require a judicial settlement.

APPEAL by the petitioner, Maurice S. Cohen, a creditor of David Stevenson, deceased, from an order of the Surrogate's Court of the county of New York, entered in the office of the clerk of the New York County Surrogate's Court on the 23d day of January, 1894, denying the application of the petitioner for the judicial settlement of the accounts of the executors of David Stevenson, and the payment by them of the claim of the petitioner.

The respondents' testator died in 1892, and letters testamentary were issued October thirty-first of that year on his estate to the respondents. Prior to December 26, 1892, the appellant presented to them an account for legal services rendered and disbursements made by him for the testator amounting to $1,523.63. On the 28th of December, 1892, the appellant, at the request of the respondents, duly verified his claim, pursuant to section 2718 of the Code of Civil Procedure. The respondents published a notice to creditors, pursuant to the section last cited, to present their claims on or before November 13, 1893. On the 18th of December, 1893, the appellant filed a petition in the Surrogate's Court alleging that the testator was indebted to the petitioner in the sum of $1,323.63, with interest

from October 5, 1892. It was also alleged that the claim had been presented more than eleven months before the date of the petition, "and the same was never rejected, and the same is a liquidated and undisputed debt against the estate." The petition ends with the following prayer : That the " executors render and cause to be judicially settled, their accounts as such executors of David Stevenson, deceased, and that a citation may be issued requiring the said executors to appear in this court and show cause why the said claim should not be paid to your petitioner, and why they should not render and file their said accounts, and cause the same to be judicially settled." On the same day a citation was issued requiring the respondents, at the date and place mentioned, " then and there to show cause why you, and each of you, should not render your accounts as the executors of David Stevenson, deceased, and why said accounts should not be judicially settled, and why the, claim of the petitioner herein should not be paid."

Upon the return of the citation the respondents appeared and filed an answer containing the following denial and allegation :

" They deny that the firm of Cohen & McWilliams, of which firm said claimant is the surviving partner, did and performed work, labor and services for the said David Stevenson in his lifetime to the amount and of the fair and reasonable value of fifteen hundred and twenty-three $\frac{63}{100}$ dollars ; and they further deny that said claim was ever conceded or admitted by them as such executors, but, on the contrary, they allege that when said claim was presented same was duly rejected by them."

To this answer the appellant was permitted to file an affidavit in reply, which was filed and verified January 8, 1894, and contains the following statement: " That on or about January 19th, 1893, deponent had a personal interview with said McClenahan, and then requested him to give deponent a check for the amount of said claim, to wit, $1,523.63. That said McClenahan then stated to deponent that in his opinion the said bill was too large. "

On the 23d of January, 1894, an order was entered on the petition, affidavit and reply denying the petitioner's application.

*Rastus S. Ransom*, for the petitioner, appellant.

*William G. McCrea*, for the executors, respondents.

FOLLETT, J.:

The purpose of the appellant was evidently to file a petition which would authorize a decree under sections 2722 and 2725, or under sections 2726 and 2727 of the Code of Civil Procedure. It is not necessary now to determine whether the remedies provided by these sections can be united and prosecuted in a single proceeding. Section 2722 provides : " In either of the following cases a petition may be presented to the Surrogate's Court praying for a decree directing an executor or administrator to pay the petitioner's claim, and that he be cited to show cause why such a decree should not be made :

" 1. By a creditor, for the payment of a debt, or of its just proportional part, at any time after six months have expired since letters were granted.   *   *   *

" On the presentation of such petition the surrogate must issue a citation accordingly ; and on the return thereof he must make such a decree in the premises as justice requires. But in either of the following cases the decree must dismiss the petition without prejudice to an action or an accounting in behalf of the petitioner :

" 1. When an executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality, absolutely or on information and belief.   *   *   *"

Section 2725 of the Code of Civil Procedure contains the following, among other provisions : " In either of the following cases the surrogate may, in his discretion, make an order requiring an executor or administrator to render an intermediate account.   *   *   *

" 3. On the return of a citation, issued on the petition of a creditor,   *   *   * praying for a decree directing payment thereof, as prescribed in section 2722 of this act.

" 4. Where eighteen months have elapsed since letters were issued and no special proceeding on a petition for a judicial settlement of the executor's or administrator's account is pending."

It will be observed that by this section it is discretionary with the Surrogate's Court whether on the return of a citation issued on the petition of a creditor it will make an order requiring a representative to render an intermediate account.

The nature of the petitioner's claim or how it arose is not set forth

in the petition, but it is stated in the verified claim to be for professional services and disbursements, but the claim is not made a part of the petition. The respondents by their answer denied that the services rendered were of the value of $1,523.63, and denied that the executors ever conceded or admitted the claim, and alleged that when it was presented it was duly rejected by them. The appellant states in his affidavit of January 8, 1894, that when he asked for payment of the claim one of the executors replied that in his opinion the bill was too large. This state of the record does not authorize a legal conclusion that the claim had, by the acquiescence of the executors, become a liquidated and undisputed debt against the estate. It is also urged that the answer is insufficient because it fails to set forth facts which show it to be doubtful whether the claim is valid and legal. The sufficiency of the answer must be determined with reference to the allegations in the petition, which, it will be observed, set forth no facts constituting a cause of action, except that the petitioner's claim for $1,523.63 had been presented and not rejected, and had become a liquidated debt against the estate, which is explicitly denied in the answer, and it is averred therein that the claim was rejected when presented. This answer is clearly sufficient to put in issue every allegation contained in the petition, and in so far as it was founded on sections 2722 and 2725 it was the duty of the Surrogate's Court to dismiss it, as in its discretion it was authorized to do. (§ 2725.)

Was it error to dismiss the petition in so far as relief was sought by it under sections 2726 and 2727, which provide:

"§ 2726. In either of the following cases the Surrogate's Court may, from time to time, compel a judicial settlement of the account of an executor or administrator:

"1. Where one year has expired since letters were issued to him. * * *

"§ 2727. A petition praying for the judicial settlement of an account, and that the executor or administrator be cited to show cause why he should not render and settle his account, may be presented in a case prescribed in the last section by a creditor. * * * On the presentation of such a petition a citation must be issued accordingly, except that in a case specified in subdivision first of the last section if the petition is presented within eighteen months after

letters were issued to the executor or administrator the surrogate may entertain or decline to entertain it in his discretion."

It is urged that because the Surrogate's Court issued a citation on the petition it had exhausted its discretion and could not thereafter exercise further discretion and dismiss the proceeding. This contention is not well founded. Such a limitation of the powers of the Surrogate's Court would require it to entertain a petition for a judicial settlement on the mere allegation of the petitioner that he was a creditor, though such allegation was denied in the answer.

The discretion vested in the court may be exercised whenever it appears that the validity of the petitioner's claim has not been conceded or established.

It is also urged that the answer filed by the respondents did not allege that eighteen months had not passed since letters testamentary were issued. This fact affirmatively appears by the petition, and it was unnecessary for the respondents to aver it.

In case a year has elapsed since letters were issued to a representative the Surrogate's Court has power, on its own motion, with or without a petition, to require from the representative a judicial settlement of his account (Code Civ. Proc. § 2626; *Anonymous*, 14 N. Y. Civ. Proc. Rep. 38), and if in the case at bar, the letters having been issued more than a year, such an order had been granted, the fact that the petitioner was not a creditor, having an established claim, would not have been a ground for reversal of the order. In *Matter of Cowdrey* (5 Dem. 453) and in *Matter of Callahan* (66 Hun, 118) more than eighteen months had elapsed since letters were issued to the representatives, and the Surrogate's Court had power, with or without a petition or suggestion from any one, to require a judicial settlement of the accounts of the representatives. The petitioner must show that he is a creditor, having an admitted or established claim, before he can, as a matter of right, require a judicial settlement.

We think the Surrogate's Court acted within the discretionary powers conferred on it by the Code of Civil Procedure, and its decree should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Decree affirmed, with costs.