EDMUND G. RAWSON, Appellant, *v.* JAMES P. SILO and ARTHUR W. CLARKE, the Name Arthur Being Fictitious, his True Name Being Unknown to Plaintiff, Respondents.

*An appeal does not lie by a plaintiff from an order allowing him to withdraw a juror on the payment of costs — what costs may be imposed — the question whether the complaint states a cause of action is not presented by such appeal — proper form of review of a ruling of the court.*

The plaintiff in an action appealed from the following order, made at the commencement of the trial thereof:

"Defendants having thereupon moved to dismiss the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action for fraud and deceit, and the Court having thereupon ruled that the complaint was insufficient as a complaint for deceit and fraud, to which the plaintiff excepted, and the Court having thereupon permitted the withdrawal of a juror so that the plaintiff might make such application to amend his pleading as he might be advised and the plaintiff having thereupon withdrawn a juror,"

"Ordered that said withdrawal of a juror by the plaintiff be upon condition that the plaintiff pay to the defendants the costs of the term, including trial fee, term fee, and defendants' witnesses' fees to be taxed within twenty days after said costs are taxed, and in event of the failure of the plaintiff to

pay said costs within said twenty days the defendant* may take an order dismissing the complaint herein without further notice, to which ruling the plaintiff duly excepted."

*Held,* that the order was wholly for the plaintiff's benefit; that if the plaintiff considered that the terms, imposed as a condition of granting his request for the postponement of the trial, were onerous and unsatisfactory he should have declined to accept the order upon the terms imposed and have proceeded with the trial;

That the Appellate Division could not say that it was an abuse of discretion for the trial judge, as a condition of permitting the postponement, to require the plaintiff to pay the costs and disbursements mentioned in the order;

That the appeal from the order did not bring up for review the question whether the trial court erred in ruling that the complaint did not state facts sufficient to constitute a cause of action;

That an opinion, decision or ruling of a court cannot be reviewed, unless it is contained in a formal order or judgment duly entered as a record in the case, or in a case and exceptions, or exceptions, duly filed and brought before the appellate court on an appeal from an order or judgment, or on a motion for a new trial.

APPEAL by the plaintiff, Edmund G. Rawson, from an order of the Supreme Court, made at the Saratoga Trial Term and entered in the office of the clerk of the county of Saratoga on the 22d day of October, 1904, as resettled by an order made at the Saratoga Special Term and entered in said clerk's office on the 9th day of January, 1905.

After this action was at issue and when it was reached for trial at the Trial Term, all parties being ready for trial, they proceeded therewith and a jury was impaneled. The defendants then moved to dismiss the complaint "upon the ground that it does not state facts sufficient to constitute a cause of action. That the allegations in the complaint as to the representations were of a promissory character; and that it does not allege that plaintiff relied on the representations."

The court said: "I think I must hold that the complaint is deficient as a complaint for deceit and fraud." Plaintiff excepted.

The defendants then further moved to dismiss the complaint as an action on contract on the ground that it did not state facts sufficient to constitute a cause of action and stated specifically why they claimed that the complaint was insufficient.

The plaintiff then immediately asked to amend the complaint by

---

\* *Sic.*

adding thereto allegations to overcome the objections pointed out by the defendants. The minutes of the trial as to what then occurred are as follows : "Defendants' counsel stated that the amendment was changing the cause of action, which could not be done upon the trial and that they were not prepared to meet it ; and that they would present an affidavit showing the absence of material witnesses. The court allowed plaintiff to withdraw a juror upon payment of costs, a trial fee, term fee and defendants' witness fees to be taxed, allowing plaintiff to move at Special Term to amend. Plaintiff excepted."

An order was entered thereupon which was subsequently resettled, and as resettled it contains a recital of the commencement of the trial and a further recital as follows : "Defendants having thereupon moved to dismiss the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action for fraud and deceit, and the Court having thereupon ruled that the complaint was insufficient as a complaint for deceit and fraud, to which the plaintiff excepted, and the Court having thereupon permitted the withdrawal of a juror so that the plaintiff might make such application to amend his pleading as he might be advised and the plaintiff having thereupon withdrawn a juror,"

The order then continued as follows : "Ordered that said withdrawal of a juror by the plaintiff be upon condition that the plaintiff pay to the defendants the costs of the term, including trial fee, term fee, and defendants' witnesses fees to be taxed within twenty days after said costs are taxed, and in event of the failure of the plaintiff to pay said costs within said twenty days the defendant* may take an order dismissing the complaint herein without further notice, to which ruling the plaintiff duly excepted." From such order this appeal is taken.

*Nash Rockwood* and *G. R. Salisbury,* for the appellant.

*Edgar T. Brackett* and *Olney & Comstock,* for the respondents.

CHASE, J. :

The respondents did not ask for nor obtain the order from which the appeal is taken. It was made at the appellant's request, and

---

\* *Sic.*

the trial of the action then in progress was postponed by reason thereof.

It was wholly for plaintiff's benefit. If appellant considered that the terms imposed as a condition of granting his request were onerous and unsatisfactory, he should have declined to accept the order on the terms imposed, and proceeded with the trial. (See *Matter, etc., Waverly Water Works Co.,* 85 N. Y. 478.) After the trial of an action has commenced and one of the parties asks to be allowed to withdraw a juror and have the trial postponed for the term, we cannot say that it is an abuse of discretion for the court to require as a condition of granting the request that the party making the request pay to his opponent a term fee, a trial fee and the witnesses' fees of the term to be taxed.

Appellant contends that the trial court was in error in ruling that the complaint was insufficient as a complaint for deceit and fraud, but the order appealed from does not bring that question before us for review. The opinion of the trial court in regard to the complaint may have been the reason why the plaintiff desired a postponement of the trial, but it in no way affects the question as to whether the court erred in the amount of costs which it imposed on the plaintiff as a condition of granting the request.

An opinion, decision or ruling of the court cannot be reviewed unless it is contained in a formal order or judgment duly entered as a record in the case, or in a case and exceptions or exceptions duly filed and brought before the appellate court on an appeal from an order or judgment, or on a motion for a new trial. (*Boyd* v. *Cronkrite,* 10 Hun, 574; *Drew* v. *Rearick,* 3 T. & C. 337; *Matter of Callahan,* 66 Hun, 118; 2 Cyc. 586; 2 Ency. Pl. & Pr. 61, 63, 82.)

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.