POLAND v. MINSHALL.

(Supreme Court, Appellate Term. November 29, 1905.)

1. ANIMALS—HORSES—KNOWLEDGE OF VICIOUSNESS.
    In an action for damages resulting from being bitten by defendant's horse, evidence that the horse was frequently kept muzzled implied knowledge on defendant's part of its viciousness.
    [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, § 266.]

2. TRIAL—ADJOURNMENT—CONDITIONS—PAYMENT OF COSTS—POWERS OF COURT.
    Under Municipal Court Act, Laws 1902, p. 1548, c. 580, § 195, providing that the court may impose on the party applying for an adjournment such conditions as to it may seem reasonable, the court may require the payment of costs to the adverse party as a condition precedent to an adjournment.

Appeal from City Court of New York, Trial Term.

Action by Cora V. Poland against Francis G. Minshall. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Alexander Lamont, for appellant.
John E. Judge, for respondent.

PER CURIAM. Plaintiff recovered a judgment for $334.17, damages and costs, for being bitten by defendant's horse. There was a conflict of proof as to the ownership of the horse and as to the viciousness of the animal being known to defendant. The latter's daughter, however, admits identity of the defendant as the man shown to be the owner of the horse. The defendant was not called as a witness at all. It also appears that the horse was frequently kept muzzled, which implies knowledge of his viciousness. No contributory negligence on part of plaintiff was proven. The jury were warranted in finding for plaintiff. No claim that damages awarded are excessive.

The defendant also appeals from an order adjourning the trial upon payment of costs to defendant. This was allowable under section 195 of the municipal court act (Laws 1902, p. 1548, c. 580).

Judgment affirmed, with costs.

MacLEAN, J. (concurring). Frequent exhibitions of mischievous propensity of the horse of the defendant, coupled with evidence, conflicting though it was, that the horse had been muzzled, both before and after he had bitten the plaintiff, warranted a finding of scienter, though doubtful, if muzzling were the only proof, for that might be to avoid "cribbing" or liability under the provisions of sections 43a and 43b of the highway law (Birdseye's Rev. St. p. 1604) of this state.

As the adjournment of the trial was made pursuant to section 195 of the municipal court act (Laws 1902, p. 1548, c. 580), the judgment should stand.