THOMAS, J., not voting.

---

HIRSCHHORN v. FRIEDBERG et al.

(Supreme Court, Appellate Division, Second Department.  November 17. 1911.)

COURTS (§ 189*)—MUNICIPAL COURT—CONTINUANCE—CONDITIONS.
    The Municipal Court, granting plaintiff's motion for a continuance. may, as authorized by Municipal Court Act (Laws 1902, c. 580) § 195, impose as condition the payment by plaintiff of costs before a designated date subject to dismissal of the action for nonpayment. and where the costs are not paid within the time fixed by the condition accepted by plaintiff the court may order a dismissal.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by David Hirschhorn against Morris Friedberg and another. From an order denying a motion to vacate an order of dismissal, plaintiff appeals.  Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Morris Meyers, for appellant.
Max Storch, for respondents.

WOODWARD, J.  The plaintiff in this action answered ready on the call of the calendar.  Subsequently, through a clerk in the office of his attorney, he made an application for an adjournment, which

was denied, and the case was marked ready and sent to Part 2 of the court for trial. The jury was drawn and sworn in, when a recess was taken for luncheon. Upon the reconvening of the court the plaintiff, through the law clerk, made a motion to adjourn the case, submitting an affidavit of a physician to the effect that one Samuel Meyers, not the attorney of record in the case, was ill. Defendants strenuously objected to the adjournment, but the court granted the motion, on condition that the plaintiff pay to the defendants $10 costs on or before February 20, 1911, and also the jury fee on or before the same date, if a jury trial was desired, and it was consented to on the part of the plaintiff that, in the event of failure to comply with the terms and conditions of the order, the defendants should be entitled to an order dismissing the complaint. It is conceded that the plaintiff did not pay the costs under the conditions of the order granting the adjournment, and an order was subsequently entered, dismissing the complaint. Thereafter plaintiff, through his attorney, moved the court to open the default, and from an order denying such motion the plaintiff appeals to this court.

The order granting the plaintiff's motion for an adjournment, after the trial of the action was commenced, was a favor to the plaintiff. The court unquestionably had the right and the power to compel the plaintiff to go on; and, having this right and power, it could impose any conditions which to the court seemed reasonable as a condition of granting the favor. Section 195, Municipal Court Act; Poland v. Minshall (Sup.) 96 N. Y. Supp. 200. Here the conditions imposed were accepted. The court retained jurisdiction pending the payment of the costs at the time fixed in the order, and, upon it appearing to the court that the order had not been complied with, the order dismissing the complaint, as for a default, followed of course. In all cases where a motion is made addressed to the favor of the court, which it may in its discretion grant or refuse, as motions to vacate attachments, orders of arrest, or injunctions, or open defaults, the exercise of the discretion not being limited by statute, it may impose terms to be complied with as a condition of granting its favor, and if the moving party cannot or will not comply with the conditions, the result is simply a denial of his motion, a result which the court could have produced by an absolute denial. Matter of Waverly Waterworks Co., 85 N. Y. 478. In the case at bar the case was adjourned conditionally. The plaintiff, accepting the conditional adjournment, failed to perform the condition, with the result that there was no adjournment. The case was still in the control of the court, and the judgment of dismissal was in harmony with the terms of the agreement. See Rawson v. Silo, 105 App. Div. 278, 281, 93 N. Y. Supp. 416.

The order appealed from should be affirmed, with costs. All concur.