■ IVOR, INC., Appellant, v CHARLES H. HAYES, Respondent.—Judgment, Supreme Court, New York County, entered April 29, 1975, dismissing the complaint, unanimously reversed, in the exercise of discretion, and the case restored to the calendar, without costs and without disbursements, conditioned on payment to defendant-respondent by plaintiff-appellant's counsel personally of $350 costs within 20 days after service of a copy of the order entered hereon, or alternatively upon that condition not being performed, affirmed, with $40 costs and disbursements to respondent. Plaintiff's counsel's request for a further brief adjournment, denied by the trial court and followed by dismissal, was not based upon a substantial reason. However, plaintiff itself should not be denied its day in court because its lawyer had not brought a witness to court. The action is by no means frivolous, and is worthy of resolution at trial. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ALLAH, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 26, 1973, convicting defendant-appellant after jury trial of attempted robbery, first and second degrees, and attempted grand larceny, third degree, and possessing a weapon as a misdemeanor, unanimously modified, on the law, to dismiss those counts other than attempted robbery, first degree, and otherwise affirmed. "Defendant, on the facts of this case, could not have committed the robbery without also committing the grand larceny, the counts being inclusory and concurrent (CPL 300.30, subd 4; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907). Where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b])." *(People v Grier,* 37 NY2d 847, 848.) Concur—Markewich, J. P., Lupiano, Silverman, Nunez and Yesawich, JJ.