OPINION OF THE COURT
Shanley N. Egeth, J.
The attorney for the defendant Vilmos moves to vacate *173 plaintiffs notice of inquest. The moving affidavit submitted to this court in support of the application clearly reflects that the movant lacks any understanding of the circumstances which induced the dismissal of the answer and the inquest resulting therefrom.
Both plaintiff and the codefendant appeared on the return date of this motion, but neither submitted papers in response to the application. In any event, the court announced that the issue was actually between the court and the attorneys for the moving defendant. Consequently, the court directed that a full stenographic record be made of the entire colloquy and argument on this motion to provide a full record for appellate review in the event that a necessity therefor arises.
The court stated the facts and reasons leading to its calendar dismissal of the movant’s pleading, as it recalled them.
EVENTS LEADING TO DISMISSAL
In an early conference conducted with the attorneys for the respective parties by the court in this medical malpractice case, counsel for defendant Vilmos advised that no settlement discussion could be fruitful because the doctor’s consent to any settlement was required, and Dr. Vilmos had already refused to approve any agreement. The court then requested the physician’s presence in court to enable a discussion with the court on the next adjourned date. Dr. Vilmos’ attorney agreed to attempt to make such arrangements.
A number of adjourned dates were then scheduled for this purpose. On each occasion Dr. Vilmos’ attorney reported that the doctor’s professional commitments prevented his appearance, despite the fact that on two of these occasions the plaintiff appeared in court at the court’s request in anticipation of the doctor’s presence. Finally, defendant’s attorney related that the doctor would not appear until a trial was scheduled. The court characterized the next adjourned date as a potential trial date, and the doctor’s appearance was promised. At the same time, Dr. Vilmos’ attorney was advised that his pleading would be stricken if there were no appearance by his client on the forthcoming return date. A mutually agreeable date providing adequate advance notice for the movant was then chosen. The doctor did not appear in court despite his attorney’s agreement that he would be present. His attorney informed the court that Dr. Vilmos had left the country for a vacation that very morning. The court then struck the *174 defendant’s answer, and authorized an inquest to be taken against him. This was done on the calendar call without entry of a formal order.
SUBSEQUENT FACTS
Thereafter a different attorney from the office of Dr. Vilmos’ counsel volunteered to attempt to resolve or rectify the situation. His efforts were unsuccessful after some months had elapsed. His successor in IC Part 11, was thereafter apprised of the circumstances surrounding this dismissal, and he was urged to make a motion to set the dismissal aside. He refused to do so despite repeated requests by this court over a period of between 4 to 6 months. Finally, after the plaintiff served a notice of inquest scheduled for January 29, 1979, the defendant submitted the instant order to show cause on January 24, 1979 in an effort to stay the inquest.
THE BROAD ISSUE
The issue raised by this motion transcends the facts of any particular case. The actual question is whether a Trial Judge possesses sufficient discretionary power to enforce a request which is deemed necessary to enable the proper performance of an aspect of the judicial function.
In a case such as malpractice, the physician reserves a contractual right of settlement consent or veto in his insurance contract. A Judge in performing the conference function, is frequently informed by the attorney for the doctor’s insurance carrier that discussions would serve no purpose because the physician has indicated an unwillingness to consent to any settlement. The court is then left with a choice — to either accept a proffered veto of further discussion, or attempt to procure the physician’s appearance in order to pursue a direct and meaningful dialogue.
While it is clear that a physician (or any other litigant) has an absolute right to reject any settlement proposal and insist upon a trial upon the merits, there is no corresponding right to refuse to participate in a meaningful discussion of the matter. Nor should there be one. No court should be relegated solely to the receipt and delivery of vicarious messages to and from the person whose position controls the ability or inability of the court to achieve its conference objective. Unfortunately, it has been learned that on many occasions reliance by the *175 court on counsel to deliver messages to and from the client and the court, may result in no communication, or an inaccurate or inadequate presentation of the message. Under such circumstances the court may be prevented or at least thwarted in the attempt to successfully achieve its objective. Sometimes motivation wholly extrinsic to the merits of the issues before the court is involved.
Any Judge must possess the discretionary power to control a calendar, compel reasonable appearances and procure the means to render all judicial efforts productive and capable of success. "Every court has inherent power to do all the things that are reasonably necessary for the administration of justice within the scope of the jurisdiction.” (14 Am Jur Courts, § 171; 21 CJS, Courts, § 14.) It is the validation of this right which is inherent in the disposition of this motion.
There appears to be no clear prior appellate definition of the extent or scope of the discretionary right of a Trial Judge to compel an appearance deemed necessary to achieve a judicial purpose. It has been held, however, that the Supreme Court has the ability to fashion remedies for the resolution of justiciable disputes (Lawrence v Cowperthwait, 150 Misc 326) and inherent authority to deal with cases before it in an appropriate manner (Langan v First Trust & Deposit Co., 270 App Div 700, affd 296 NY 1014). It is hoped that explicit appellate direction dealing directly with this specific situation will soon be forthcoming.
REVELATIONS AT HEARING
This court went to considerable lengths to make it clear that it was not impugning the motives or conduct of counsel relative to the facts and events leading to the dismissal of the pleading. Dr. Vilmos appeared in court on the return day of this motion. His statements were revealing and surprising, and in the process, he eloquently attested to the validity of the concerns expressed by the court herein.
The transcript reveals that, despite representations made to the court by counsel, Dr. Vilmos stated that he was always willing to appear in court for a conference, was unaware of the prior adjournments requested because of his alleged inability to appear, and that the only time his counsel had ever asked him to come to court was on the Friday immediately prior to the Monday of the scheduled final adjourned date. That date coincided with his long planned departure for *176 Israel. Thus, the statements of Dr. Vilmos confirmed that his counsel had willfully and repeatedly failed or refused to deliver the court’s messages to his client and had misrepresented his client’s actions and position to the court. This conduct was responsible for a substantial expenditure and inordinate waste of judicial time which served to deprive other litigants and their attorneys of an opportunity to expedite processing of their cases. It also caused the plaintiff and his counsel to make many unnecessary court appearances.
DETERMINATION
The conduct of the defendant’s counsel constituted a breach of the obligations of an officer of the court to implement lawful and reasonable judicial directions, and his statements were misrepresentations to the court and to other involved counsel. His conduct was willful. It was and is inexcusable and would not justify any amelioration. Counsel is entitled to no relief from the consequences of these actions.
It should be further noted that counsel arrogantly refused, over many months, to comply with a number of judicial requests to make the instant motion, finally moving on the eve of the scheduled inquest. This refusal and delay constitutes laches, and in and of itself, it provides an additional basis to determine that counsel’s conduct created an inexcusable willful default.
The conduct of the doctor, however, does not warrant criticism from this court. He expressed a willingness to appear and participate in a conference at any time upon reasonable notice. Unfortunately he had never been told, or even reasonably requested, to so do. He has also expressed an intention to decline consent to any settlement and has requested an opportunity to litigate the merits.
DECISION
Counsel’s conduct does not justify any relief from the impact of the court’s dismissal of the pleading. The client doctor, however, is an innocent victim of such conduct, and an effort should be made to afford him a reasonable opportunity to contest his liability on the merits. (See Cichorek v Cosgrove, 47 AD2d 883; Moran v Rynar, 39 AD2d 718.) Accordingly, this motion to vacate the order striking the answer and to set aside the inquest based thereon is denied unless and upon the *177 sole condition that within 20 days from the date of publication of this order, counsel for the defendant, Dr. Vilmos, shall pay to the attorney for plaintiff the sum of $1,500. In the event of compliance with this order the answer shall be reinstated and the order for an inquest vacated. If this order is not complied with, plaintiff may reschedule the inquest.
This decision has been fashioned to enable this court, while protecting the rights of the litigants, "to perform efficiently its judicial functions, to protect its dignity, independence and integrity, and to make its lawful actions effective.” (See Inherent Powers of the Courts [National College of State Judiciary], p 2; see, also, Matter of Association of Bar of City of N. Y., 222 App Div 580.)