### (February 7, 1980)

■ HOWARD GILLET, Respondent, v BETH ISRAEL MEDICAL CENTER, Defendant, and PAUL VILMOS, Appellant.—Order, Supreme Court, New York County, entered May 4, 1979, denying motion of defendant Paul Vilmos for renewal, reargument and reconsideration of a previous motion to vacate a notice of inquest and default and the order entered thereon which conditioned vacatur of the default upon payment of $1,500 by defendant's attorney to the attorney for plaintiff, unanimously modified, on the law, on the facts, and in the exercise of discretion to strike the condition, grant the motion to vacate the default and notice of inquest, and otherwise affirmed, without costs. Appeal from order, Supreme Court, New York County, entered March 21, 1979, dismissed as academic in view of the foregoing. In a malpractice action, defendant doctor failed to appear at several pretrial settlement conferences scheduled by an IC Conference Judge. Defense counsel, who had previously informed the Judge that the defendant did not wish to settle, explained his absence on the ground of professional commitments. On April 13, 1978, the court informed defense counsel that the defendant's answer would be stricken if he did not appear personally on April 17 for conference. Defendant did not appear on April 17, his attorney informing the court that he had left for a vacation in Israel that morning. The court directed that the answer be stricken and authorized an inquest be taken against him. Some months later, following service by plaintiff of a notice of inquest and a motion by defendant to vacate the notice, defendant appeared in court. He stated that he had always been willing to appear for a conference but had not been informed that his presence was required until April 14, 1978 when he had already scheduled his trip to Israel. Concluding that the defendant was an innocent victim of misconduct by his attorney, the court directed the reinstatement of the answer upon condition that defense counsel pay to plaintiff's attorney $1,500. This determination was adhered to on the motion for reargument and renewal. Rule 660.10 of the Supreme Court Rules, Bronx and New York Counties (22 NYCRR 660.10 [c] [2]), authorizes a presiding Justice to require attendance of a party at pretrial conferences and further grants the presiding Justice, "In the event of the failure of the parties to appear or to be properly represented on the pre-trial * * * the same power with respect to dismissals, defaults, or both, as might be exercised when a case is reached for trial." Under the circumstances disclosed, we think the court erred in dismissing the defendant's answer on April 17, as well as in conditioning the vacatur of the dismissal thereafter upon payment by defendant's counsel of $1,500 to plaintiff's attorney. As the court in effect acknowledged after the hearing, the failure of the defendant doctor to appear for a pretrial conference on April 17 because of a previously scheduled trip to Israel did not by itself justify the

entry of a default. Moreover, as to the events of April 17, it is clear that defense counsel acted appropriately. Accordingly, the default should have been vacated unconditionally. The fact that the trial court concluded that defense counsel had not acted appropriately with regard to the defendant's nonappearance on prior occasions, which had not resulted in a finding of default, does not justify the imposition of a condition on the vacatur of the default entered on April 17. Even if we agreed that the court was justified in imposing some requirement of payment on defense counsel, the sum fixed is clearly excessive in relationship to the circumstances disclosed, including the tentative settlement figures that had been under consideration. We need not address other alleged procedural infirmities in the proceedings. For the foregoing reasons, the condition imposed upon the vacatur of the default, and the default and the notice of inquest are vacated. Concur—Fein, J. P., Sandler, Bloom and Silverman, JJ. [99 Misc 2d 172.]