**40** Ruth Vogelhut, Respondent, et al., Plaintiff, v Waldbaum's Supermarket, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated September 3, 1985, which, after a nonjury trial, is in favor of the plaintiff Ruth Vogelhut in the principal amount of $51,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff Ruth Vogelhut of a copy of this decision and order, with notice of entry, the plaintiff Ruth Vogelhut shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipula-

tion consenting to reduce the verdict as to damages to the principal amount of $30,000, less the deduction of 15% for the comparative fault of the plaintiff Ruth Vogelhut, to the net amount of $25,500, and to the entry of an amended judgment accordingly. In the event that the plaintiff Ruth Vogelhut so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

The plaintiff Ruth Vogelhut claimed that on December 29, 1980, she caught her left foot in a sidewalk crack near a corral post outside the defendant's exit door. While attempting to regain her balance, she slipped on some ice with the other foot and fractured her right ankle. The plaintiff's testimony as to the location of the accident was corroborated by one Isaac Stern who was walking past the defendant's supermarket and witnessed her fall. Testimony was presented by the defendant's witness, James P. Morgan, who was a police officer at the time of the incident, to the effect that the plaintiff Ruth Vogelhut fell in the public roadway.

The trial court, after weighing the respective credibility of the witnesses, found in favor of the plaintiff in the amount of $60,000, which amount was reduced to $51,000 due to the plaintiff's 15% culpable conduct.

Applying the well-settled standard of review with respect to nonjury trial (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; Matter of Fasano v State of New York, 113 AD2d 885, 887-888), we conclude that the plaintiff Ruth Vogelhut established that she fell on the sidewalk in an area under the defendant's exclusive control. While substantially conflicting testimony was presented as to that issue, taking into account the fact that the Trial Judge was in the best position to assess the credibility of the witnesses, his verdict as to liability was not unwarranted (see, Matter of Fasano v State of New York, supra).

However, the damages awarded were excessive to the extent indicated as there was no medical testimony or proof presented as to whether the injury sustained by the plaintiff Ruth Vogelhut was permanent. Upon our assessment of the evidence adduced, we conclude that an appropriate amount of damages, based upon Ruth Vogelhut's pain and suffering from the time of the injury to the date of the trial, is $30,000, which, after accounting for the culpable conduct on her part, is reduced to $25,500.

Finally, we find no error in the denial of defense counsel's

application for a continuance for the purpose of calling a social worker who had interviewed Roth Vogelhut at the hospital. The trial court noted that although both sides had been informed two months previously of the trial date, no arrangements were made to procure that witness's appearance nor could counsel assure the court that the witness would be present on the requested adjourned date. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.