■ **EDWARD E. KLEIN, Appellant, v NEW YORK TELEPHONE**

COMPANY, Respondent.—In a negligence action to recover for damages to property, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated May 2, 1988, which, upon a finding by the trial court that the plaintiff had failed to prosecute the case, dismissed the complaint.

Ordered that the judgment is reversed, as a matter of discretion, and a new trial is granted on the issue of damages before a different Justice, with costs.

The decision to grant a continuance is ordinarily committed to the sound discretion of the trial court *(see, Matter of Housing Dev. Fund Co. v County of Rockland,* 134 AD2d 594; *Cuevas v Cuevas,* 110 AD2d 873). In deciding such applications, the court must "indulge in a balanced consideration of all relevant factors" *(Wilson v Wilson,* 97 AD2d 897, 898). We conclude that the court's denial of a continuance of this nonjury trial for a reasonable length of time to enable the plaintiff to produce his expert witness to testify as to the reasonable value of the repairs to the plaintiff's building was an improvident exercise of discretion. Here, the plaintiff's claim has merit in light of the facts that the defendant conceded the issue of liability in the morning of the first scheduled date for trial and that photographic evidence which was admitted into evidence during the plaintiff's direct examination established the existence of damage to the plaintiff's building *(see, e.g., Sutter v Nelson,* 126 AD2d 634). The expert witness's testimony was material and necessary to the plaintiff's case *(see, e.g., Bruce v Hospital for Special Surgery,* 34 AD2d 963; *Balogh v H.R.B. Caterers,* 88 AD2d 136), and there was no allegation that the defendant would be prejudiced by a reasonable continuance aside from having incurred an additional day's attendance fees for its two witnesses. It is noteworthy that a witness who was in court pursuant to a subpoena served by defense counsel disappeared shortly after the plaintiff's attorney informed defense counsel that he would call the defendant's witness for the purpose of establishing a prima facie case. Such trial tactics will not be condoned by imposing the payment of the defense witness's fees as a condition for granting the requested continuance *(cf., Rawson v Silo,* 105 App Div 278; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4402.04). Although the plaintiff's attorney should have been more diligent in securing the attendance of his expert witness *(see, Vogelhut v Waldbaum's Supermarket,* 127 AD2d 590), such failure should not, under the circumstances of this case, deprive the plaintiff of his day in court *(see, Gombas v*

*Roberts,* 104 AD2d 521; *Ivor, Inc. v Hayes,* 53 AD2d 541). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.