■ FRAMAPAC DELICATESSEN, INC., Appellant, v DAVID WOLF et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about November 30, 1988, which denied plaintiff's motion to vacate the court's prior oral directive dismissing the complaint based upon plaintiff's alleged default in appearance at a January 15, 1988 pretrial conference, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion granted without costs.

We find it to be an improvident exercise of the IAS court's discretion to dismiss this action based solely upon plaintiff's belated appearance at the pretrial conference. At the outset plaintiff was represented by a paralegal clerical employee, who was not permitted to describe the actual engagement of each of the attorneys associated with plaintiff's law firm. Why the court felt that it could not hear the statement of the paralegal without a prior introductory phone call from the law firm to the Conference Part was not elucidated. A lawyer representing plaintiff did arrive at the Part a few seconds after the court's default ruling before counsel for the other parties had departed, but to no avail. The unnecessarily harsh disposition here was in stark contrast to the treatment of defendants' total default in appearance at an earlier conference where only the plaintiff had appeared.

Although plaintiff has been dilatory in the prosecution of this action, its merits sufficiently appear from the circumstance that defendants' motions for summary judgment have been denied by other Justices of the court on three prior occasions. Plaintiff's lapse here was not of such magnitude as to defeat the well-settled policy favoring the disposition of actions on their merits rather than upon procedural mishaps *(Springer v Marangio,* 38 AD2d 852; *Shure v Village of Westhampton Beach,* 121 AD2d 887). Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.