■ THOMAS J. KELLY, Appellant, v LONG ISLAND COLLEGE HOSPITAL, Respondent. [604 NYS2d 237] —In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Levine, J.), dated February 13, 1991, which dismissed the complaint upon the plaintiff's attorney's default in appearing at a preliminary conference.

Ordered that the appeal is dismissed, without costs or disbursements.

It is clear from the record, and the explicit wording of the order itself, that the Supreme Court dismissed the complaint based upon the plaintiff's attorney's default in appearing at a preliminary conference ordered by the court. It is well settled that no appeal lies from an order entered upon the default of the appealing party (see, CPLR 5511). Contrary to the contention of our dissenting colleagues, that the plaintiff submitted a proposed counterorder and an affidavit in support thereof does not serve to take this order out of the realm of a default. While the plaintiff's attorney may have a justifiable excuse for his failure to appear, the appropriate procedure by which to raise such a claim is a motion to vacate the default, which must be supported by an affidavit of merit (see, Podolsky v Podolsky, 119 AD2d 740). We see no reason to depart from that customary procedure in this case. Bracken, J. P., Lawrence and Santucci, JJ., concur.

Miller, J., dissents, and votes to reverse the order appealed from, as a matter of discretion, and to reinstate the complaint, with the following memorandum, with which Copertino, J., concurs: I cannot agree with the majority's conclusion that the order appealed from is accurately characterized as having been entered upon the appellant's default in appearing at a preliminary conference. Therefore, I would not dismiss this appeal.

A preliminary conference was held on November 29, 1990, and through an unintentional oversight, counsel for the plaintiff failed to appear. At this conference, which was not held on the record and, therefore, of which no transcript exists, the defense counsel purportedly made an oral application to dismiss the complaint upon the plaintiff's default in appearing. The record does not reveal what, if any, oral ruling was made at that time.

On or about December 17, 1990, the defense counsel served upon the plaintiff's counsel a notice of settlement and a proposed order dismissing the action due to the plaintiff's counsel's failure to appear at the preliminary conference. On or about December 26, 1990, the plaintiff's counsel served a cross notice of settlement, and a proposed counterorder providing for a preliminary conference to be held at a future date. Annexed to the counterorder, the plaintiff's counsel submitted an affidavit in opposition to the proposed order of dismissal and in support of the proposed counterorder, wherein he

argued that he had been unaware of the preliminary conference and first learned of it when he received the defendant's proposed order of dismissal and notice of settlement. The plaintiff's counsel argued that this had been his only default in appearance in this wrongful death action and that dismissal was an unduly harsh penalty for an inadvertent failure to attend a conference. He further disputed the gratuitous paragraph contained in the defendant's proposed order reciting that there had been no prosecution of this action since June 12, 1989, arguing that the defense had failed to turn over necessary medical records and make a hospital employee available to be deposed. Counsel apologized for his failure to appear at the conference and asked the court not to sign the proposed order of dismissal.

The defense counsel submitted a reply affidavit on or about January 3, 1991, wherein he argued, *inter alia,* that the court had *not* ordered the case dismissed due to the plaintiff's counsel's failure to appear at the preliminary conference (contrary to the express language of the decretal paragraph of the defendant's proposed order), but, rather, because "this matter has lain dormant for over one and a half years, and the case lacks merit". The defense counsel argued that there was no evidence that any negligence on the part of the hospital contributed to the death of the plaintiff's decedent and therefore that the court should "deny plaintiff's application to restore the matter", since this would "only succeed in restoring a meritless action". The defense counsel asked the court to deny the plaintiff's application and to sign the proposed order granting dismissal.

In a sur-reply affidavit, served on or about January 17, 1991, with the permission of the court's law clerk, the plaintiff's counsel argued, *inter alia,* that dismissal of the action for an isolated failure to appear at one conference was an unduly harsh disposition, and that dismissal could not be ordered due to the allegation that the action had been dormant for one-and-one-half years because the defendant never served a 90-day notice or moved to dismiss for failure to prosecute pursuant to CPLR 3216 (b). Furthermore, inasmuch as there had been no motion for summary judgment, the plaintiff argued that the case could not be dismissed because it lacked merit, and counsel pointed out, the court had never made any ruling on the merits of the case. Nevertheless, on or about February 13, 1991, the court signed the defendant's proposed order dismissing the complaint due to the plaintiff's counsel's failure to appear at the preliminary conference.

It is apparent from the foregoing that the court did not dismiss this action on the plaintiff's "default". Certainly it is not disputed that no appeal lies from an order entered upon the default of the appealing party (see, CPLR 5511), and it appears that the predicate for the court's order was the plaintiff's default in appearing at the preliminary conference. However, there is a limited exception to that rule. An interlocutory order entered on default is brought up for review on an appeal from a final judgment, where the issues raised on appeal were in fact contested before the trial court (see, James v Powell, 19 NY2d 249, 256, n 3; cf., Katz v Katz, 68 AD2d 536 [where the issues sought to be raised on appeal had not been contested as a direct result of the defendant's default]; see also, Brosnan v Behette, 186 AD2d 165; Fucci v Fucci, 166 AD2d 551). Further, matters which were "the subject of contest" in the court from which the appeal was taken may be reviewed on an appeal from an order entered on the appellant's default even absent entry of a final judgment and an appeal therefrom (see, Lewis v Lewis, 183 AD2d 875). The same approach should be followed in this case, where the record clearly establishes that the propriety of granting dismissal due to the plaintiff's default in appearance was a contested matter. The plaintiff argued that the default was inadvertent and the defense responded with a scattergun argument, repudiating its own proposed order and improperly trying to have the case dismissed for failure to prosecute and because it lacked merit. The plaintiff refuted these allegations and then the court signed the order dismissing the action, owing to the plaintiff's nonappearance at the conference. Clearly, these issues were contested. Since the plaintiff contested whether he was in default before the entry of the order declaring his default, the plaintiff's opposition constituted the functional equivalent of a motion to vacate a default pursuant to CPLR 5015 (a) (1). The order appealed from should not be considered to have been entered upon the default of the plaintiff. It makes little sense to require the plaintiff to move now to vacate the default, even if time allows, so a new order may be entered subject to appellate review, when the plaintiff effectively already did so prior to the entry of the order before us now. Accordingly, because I find that the issue of the default was vigorously contested, I would hold the order appealed from to be properly before us for our review.

On the merits, I would reverse the order appealed from on the ground that dismissal of the action was an improvident exercise of the trial court's discretion (see, Domlin Hair Design

*v La Duca,* 134 AD2d 403; *see also, Framapac Delicatessen v Wolf,* 160 AD2d 168; *Gillet v Beth Israel Med. Ctr.,* 74 AD2d 502).