■ NANCY PILERI, Appellant, v JOSEPH B. PILERI, Respondent. [630 NYS2d 371] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Fierro, J.), dated March 10, 1994, which, upon a *sua sponte* finding by the trial court that the plaintiff failed to appear personally for trial, *inter alia,* is in favor of the defendant and against her dismissing the complaint for failure to prosecute.

Ordered that the order and judgment is reversed, as a matter of discretion, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings before a different Justice.

In this matrimonial action, the plaintiff wife, who resides in Florida, appeared by counsel on the date which the Supreme Court had scheduled for trial. The Supreme Court, *sua sponte,* dismissed the complaint for failure to prosecute, despite the representations of the wife's attorney that the plaintiff had not appeared personally because the attorney believed the matter to be scheduled for conference only.

We find no merit to the husband's argument that the appeal must be dismissed. Even assuming that the judgment was entered on the wife's default *(see,* CPLR 5511), the wife appeared by counsel to contest the matter which is the subject of this appeal. The issue raised by the wife is therefore reviewable on this appeal *(see, Katz v Katz,* 68 AD2d 536, 540-542; *cf., Kelly v Long Is. Coll. Hosp.,* 199 AD2d 244).

As to the merits of the appeal, we conclude that the Supreme Court erred in dismissing the complaint. The matter had previously been adjourned several times at the husband's request, and the application by the wife's counsel was her first request for an adjournment. The wife's counsel's request for a brief adjournment to allow the wife to travel to New York was reasonable, particularly because the record indicates that counsel for the husband intended to ask to be relieved and was not prepared to go to trial that day in any event. Under the circumstances, the Supreme Court improvidently exercised its discretion by dismissing the complaint rather than granting the wife's counsel's request for an adjournment *(see, Klein v New York Tel. Co.,* 155 AD2d 644; *see also, Edelstein v Friedlander,* 167 AD2d 500). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.