(38 Misc. Rep. 256.)

### HAFFEY v. LYNCH.

(Supreme Court, Special Term, New York County. June, 1902.)

1. SPECIFIC PERFORMANCE—LACHES.

A vendor, having a marketable title to land, contracted to sell it at a time fixed, but was unable so to do because of a defect which arose after the making of the contract, and without the fault of the vendor. Held, that the vendee could obtain specific performance, where the defect had disappeared at the time of the trial of his action.

2. SAME—ACCOUNTING BETWEEN THE PARTIES.

Where a vendor was unable to perform her contract to sell for many years, because of legal proceedings, she must account to the vendee for the fair rental value of the property from the date of the completion of the sale, as fixed, with interest on the rental of each year from its expiration, and all accrued penalties over legal interest on taxes and assessments which were not paid, but not with damages caused by the filling up of the land under the order of the city board of health; and the vendee, while not chargeable with interest on his cash payment made at the date of the sale, is chargeable with interest on the balance due, from the completion of the sale, as fixed, where he has never tendered the same to the vendor, and with all taxes and assessments which have been levied on the land since the completion of the sale, as fixed.

Action by Michael H. Haffey against Sarah Lynch for specific performance. Decree for plaintiff.

See 61 N. Y. Supp. 736.

Charles Strauss, for plaintiff.
Anderson & Anderson, for defendant.

SCOTT, J. I am unable to see that the case, as made by the evidence upon the present trial, differs in any material respect from that made upon the former trial, and upon which it was held by the court of appeals that the plaintiff was entitled to a decree for the specific performance of the contract between the parties. More time has elapsed since the defendant's default, but that affects rather the terms of the decree to be entered, than the plaintiff's right to specific relief. The defendant's plea of tender is not sustained. It is by no means clear that the deed tendered to the plaintiff was such as he was entitled to under his contract, and, even if it were, the defendant could not at that time have given him a marketable title, and he was under no obligation to accept less. Haffey v. Lynch, 143 N. Y. 241–247, 38 N. E. 298. Neither can the defendant successfully prevent the plaintiff's recovery upon the ground of his laches. He was certainly prompt enough in bringing his action. It has been tried twice, and has once been to the court of appeals; and, if this (the third) trial has been delayed, the fault is at least as much with the defendant as with the plaintiff. A decree for the specific performance of the contract must therefore issue.

It is the duty of the court, however, to do more than simply decree performance. There are equities between the parties which should be adjusted, and these, owing to the long time which has elapsed since the date of the contract, present some complications. The sale of the property was made on February 21, 1889, and the

date fixed for the completion of the sale was March 11, 1889. The price bid by the plaintiff was $7,800, of which 10 per cent. was paid at the time of sale, leaving $7,020 to be paid. __lthough it is suggested by the plaintiff, and may be true, that the defendant was dissatisfied with the sale, and would gladly have been rid of her contract, the cause of her inability to comply with it was not of her creating, but grew out of an adverse claim to the land. The general rule in such cases is that a court of equity will, so far as possible, place the parties in the same situation as they would have been if the contract had been performed according to its terms, and to that end will regard the vendor as trustee of the land for the benefit of the purchaser, and liable to account to him for the rents and profits, and will treat the vendee as trustee of so much of the purchase money as has not been paid, charging him with interest thereon. Worrall v. Munn, 38 N. Y. 137; Duffy v. Donovan, 52 N. Y. 634; Bostwick v. Beach, 103 N. Y. 414, 9 N. E. 41; Id., 105 N. Y. 661, 12 N. E. 32. If the contract now sought to be enforced had been performed according to its terms, the plaintiff would have paid to the defendant on March 11, 1889, the sum of $7,020. He would have had since the same date the title to and possession of the property, with the right to enjoy it and receive whatever income it might be made to produce, and with the burden of bearing and paying such taxes, assessments, and other burdens as are the necessary incidents of the ownership of real estate. In addition to decreeing a conveyance by defendant to the plaintiff, an account should be stated between the parties, and the decree should provide for the payment by one to the other of whatever balance may appear to be due. Since it does not appear that the plaintiff ever actually tendered the balance of the purchase money, or has appropriated it and kept it appropriated to payment of the consideration, he is chargeable not only with the $7,020 remaining unpaid, but also with legal interest thereon since March 11, 1889. Bostwick v. Beach, supra. He is also chargeable with the taxes and assessments which have accrued upon the property since the date upon which the sale should have been consummated, for they were liens which he would have been obliged to pay if he had been in possession. Duffy v. Donovan, supra. It appears, however, that no taxes or assessments have been paid by any one since the sale of the property. It is the statutory rule in this city that, for a certain time after they become liens, taxes and assessments may be paid without the addition of interest or penalty, and that thereafter a penalty is imposed for nonpayment or delayed payment greatly exceeding the legal rate of interest. As trustee of the land for the benefit of the plaintiff, it was the duty of the defendant to have promptly paid the taxes and assessments as they became due, and if she had done this she would have been entitled to receive from the plaintiff the amounts so paid, with legal interest from the date of each payment. Having failed in this duty, she is chargeable with all accrued penalties for nonpayment over and above legal interest from the last day on which each tax or assessment might have been paid without the imposition of a penalty. The defendant is also

chargeable with the fair rental value of the property since the date on which the sale should have been completed, with interest computed upon each year's rental from the expiration of the year for which it is allowed. This value is not necessarily measured by what she has actually received, but is what the rental value would have been if the Jarvis litigation and the present action had not been pending. Her agreement was to give the plaintiff a good, merchantable title, and he is entitled to the value of his bargain. If she was unable to fulfill her contract, it was her misfortune, and the loss must be hers. The plaintiff is not entitled to interest on the $780 paid at the sale, since the contract contemplated its immediate payment. It is claimed that the defendant has permitted waste to be committed upon the property, in that she has allowed the lots to be filled up, so that, in order to use them for building purposes, it will be necessary to re-excavate. In answer to this claim it is said that the filling was done by order of the board of health. It was the duty of the defendant, as trustee for plaintiff, to suffer nothing to be done which would lessen the value of the property, but it was also her duty to comply with all lawful orders of the municipal authorities. If compliance with such orders resulted in a depreciation of the value of the property, she is not chargeable therewith. The interest upon the unpaid purchase price is a mere matter of calculation. As to the other items necessary to state the account between the parties, it will be necessary to take further evidence, and for this purpose a reference will be ordered.

A decision and interlocutory decree in accordance with the views herein expressed may be presented for settlement on two days' notice.

Ordered accordingly.