A. Lindsay O’Connor, J.
This is an action for the specific performance of a typewritten option which the plaintiff claims was given by Scudder T. Whipple, now deceased, to Max Silberman on July 5, 1940. So far as is material here, for and in consideration of the sum of $1 and other good and valuable considerations, the receipt of which was therein acknowledged, it gave Silberman or his assignee, the right to purchase within two years from the date thereof, the Whipple theatre property with the buildings, equipment and improvements thereon, situate in the village of Fleischmanns, Delaware County, N. Y., for the sum of $12,000; $2,000 to be paid upon the delivery of the deed and the assumption by Silberman, or his assignee, of a first mortgage of $10,000. Silberman or his assignee could accent the same within the two years by giving Whipple or his *822 executor a written notice of such acceptance, whereupon Whipple was to convey said property, free and clear of all liens and encumbrances, except as mentioned in the option, within five days after such acceptance at the time and place designated in the notice; all taxes, interest, fire insurance premiums, etc., were to be adjusted at the time of closing of the title. The option was signed by Whipple and purports to be acknowledged on July 5, 1940 before Max J. Herman, a notary public.
On April 1, 1941 Max Silberman assigned the option to the plaintiff. The option was duly recorded in the Delaware County Clerk’s office on March 17, 1941 and the assignment on May 8, 1941. Scudder T. Whipple died March 14, 1941 leaving a last will and testament which was duly admitted to probate on May 12, 1941 and letters testamentary duly issued to Ina W. Smith, who duly qualified and is now acting as such executor.
On June 25, 1941 the plaintiff made due personal service of a written notice on defendant, dated on that day arid signed by plaintiff, stating that he was the owner and holder of the option, that he accepted and elected to exercise the same, demanding that defendant deliver the deed to plaintiff at the office of plaintiff’s attorneys at Margaretville, N. Y., at 10 o’clock in the forenoon of June 28, 1941 and that he thereby tendered the sum of $2,000 by certified check, but that such tender was made upon the express condition and' proviso that all taxes, interest, insurance premiums, etc., were to be adjusted at the time of closing of the title.
On June 27, 1941 the defendant served written notice on the plaintiff demanding that plaintiff cancel said purported option on the ground that it was void in all respects; was obtained from said Scudder T. Whipple by fraud, was thereby rescinded and disavowed and that plaintiff’s demand for delivery of the deed was thereby refused.
On June 28, 1941 the plaintiff attended at the time and place stated in said notice and was ready, willing and able to perform all the terms set forth in the option, and still is, but defendant failed to appear and has refused to execute the necessary instruments to convey title to said property.
The option satisfies all the requirements of the statute and is a valid contract for the sale of real property. (Real Property Law, § 259; LukawsJci v. Devlin, 243 N. Y. 583; Tobias v. Lynch, 192 App. Div. 54.) It was duly assigned by Silberman to plaintiff and on acceptance by the plaintiff, the contract became mutual in its obligation and its remedies. Whipple’s death did not impair the rights of the plaintiff and upon defend *823 ant’s refusal to perform, the contract was enforcible by plaintiff in an action for specific performance. (Rockland-Rockport Lime Co. v. Leary, 203 N. Y. 469; Cochran v. Taylor, 273 N. Y. 172; Galbraith v. Buffalo Vegetable Marketing Co., 128 Misc. 79, affd. 222 App. Div. 792.)
The seal upon the option is not conclusive or presumptive evidence of consideration. Silberman was prevented from testifying by section 347 of the Civil Practice Act as to whether or not he paid the $1 recited in the option. However, the option recites it is given “ For and in consideration of the sum of One Dollar, The Receipt of Which is Hereby Acknowledged,” and the defendant is now estopped to deny it. (Cochran v. Taylor, supra; Wood v. Shapin, 13 N. Y. 509.)
The plaintiff on the trial testified he was willing to assume the $10,000 mortgage, or pay it in full, upon the execution by defendant of the necessary instruments to convey title to the property. There are some tenants occupying parts of the property and plaintiff has offered to accept a conveyance subject to the leases of these tenants. Defendant cannot refuse to convey because of the leases. The right to refuse to perform because of existence of the leases lies with the plaintiff and not with the defendant.
Whipple was a keen, shrewd, experienced, hardheaded businessman. He was, and had been for sometime prior to his death, a director and president of the First National Bank of Fleischmanns, and a director in the Peoples National Bank of Margaretville, and took an active part in their management. He owned and operated a very profitable hardware and lumber business at Arkville for 20 years or more and for 10 years prior to his death had made considerable money dealing in real estate mortgages. He was thoroughly familiar with the value of real property in the town of Middletown. Both plaintiff’s and defendant’s witnesses testified that Whipple signed the option in July, 1940 and that at that time he was rational, of sound mind and memory and was as keen and alert as ever. The plaintiff has established by a preponderance of evidence that the option was acknowledged by Whipple before Max Herman, an attorney and a notary public, on July 5, 1940, that he signed and acknowledged it with full knowledge of its nature and contents and that no fraud or deceit of any nature was practiced upon him.
The defendant seeks to have the option set aside and declared void on the ground it was hard and unconscionable; that the theatre property was worth a great deal more than $12,000 *824 on July 5, 1940 and had greatly increased in value on June 25, 1941 when -the plaintiff accepted and elected to exercise the option according to its terms.
As a general rule the courts will not enter into an inquiry as to the adequacy of the consideration. (Winne v. Winne, 166 N. Y. 263; Callophone Co. v. Jaeckel & Co., 132 Misc. 693, 694.) Both Silberman and Whipple were competent to make the contract and stood on equal footing. The contract is to be judged as of the time at which it was entered into, and if fair when made, the fact that it has become a hard one by the force of changing circumstances or subsequent events will not necessarily prevent its specific performance. (Prospect Park & Coney Is. R. R. Co. v. Coney Is. & Brooklyn R. R. Co., 144 N. Y. 152, 162; Kaplan v. Suher, 254 Mass. 180, 185.)
Both Silberman and Whipple had been dealing extensively in real estate and mortgages in Fleischmanns and vicinity for 20 years or more and knew the fair market value of real estate in that vicinity at the-time the option was executed. Silberman bought and owned the theatre in 1928-1929. Whipple purchased it on a foreclosure sale in December, 1930. Whipple wanted to sell and Silberman wanted to buy. The fair market price of the property at the time the option was given was fixed at $12,000 by Whipple as a willing seller and Silberman as a ready buyer. Furthermore, two of plaintiff’s witnesses, and two of defendant’s witnesses on cross-examination, who were familar with the prices paid and received for real property in Fleischmanns during the year 1940, testified that the fair market value of this property at the time the option was given was between $12,000 and $14,000.
The plaintiff was ready, able and willing to complete the purchase of the real property on June 28, 1941 according to the terms of the option and he is therefore entitled to the rents, issues and profits from that date to the time that title to, and possession of, said property is delivered by the defendant to plaintiff and the defendant should account to him therefor.
The plaintiff, not having appropriated the purchase price, or kept it appropriated to the payment of the consideration, is chargeable with the $12,000 he agreed to pay with legal interest thereon from June 28,1941 and the amount which the defendant has paid for the upkeep of the premises and insurance premiums. He is also chargeable with the taxes and assessments which have accrued upon the property since that date, as they are liens which he would have been obliged to pay if he had been in possession of the property. (Bostwick v. Beach, 103 N. Y. 414, 105 N. Y. 661, 662; Haffey v. Lynch, 38 Misc. 256; 2 New *825 York Law of Damages, § 906, p. 1595.) Current insurance premiums, taxes and interest are to be adjusted at the time of the closing of title.
The plaintiff is entitled to judgment, with costs, decreeing a specific performance of the option upon the terms and conditions above stated.
Settle judgment on five days’ notice.