JEROME A. DENBERG, Appellant, v. EDNA R. D. FRISCHMAN, Defendant and Third-Party Plaintiff-Respondent, and ANNETTE FRISCHMAN et al., Third-Party Defendants.

First Department, October 11, 1966.

*Bernard Meyerson* of counsel (*Garry G. Blaustein,* attorney), for appellant.

*Louis A. Breslerman* for respondent.

Steuer, J. Plaintiff brought the action against defendant, his former wife. Defendant's second counterclaim seeks recovery of installments to date of the amounts provided in a separation agreement for the support of the two children of the parties. An amended version of the agreement became an order of the court by virtue of the settlement made in a prior action between them. There is no question as to the amount or the fact that the payments have not been made. Both sides moved for summary judgment and Special Term granted the wife's motion. We are of the opinion that questions of fact exist necessitating a trial.

It appears that even though the agreement provides for the wife to have custody of the two children and that this has been confirmed by several applications, they have not resided with her during any of the period covered by the counterclaim. We agree with Special Term that this fact does not in and of itself defeat her right to recover the amounts specified for the support of the children. While it is true that the primary object of this provision of the agreement or of a court order for support will not be accomplished by a judgment for money that has not been devoted to the infants' maintenance, and will not be, other considerations allow recovery. It is recognized that the situation most frequently arises where the husband flouts the order of the court by either interfering with the wife's custody or influencing the children to stay away from the home she has provided for them. A strong public policy warrants recovery as a preventive of this type of conduct. (*Nichols* v. *Nichols,* 306 N. Y. 490; *Olmstead* v. *Olmstead,* 24 A D 2d 605, affd. 18 N Y 2d 652.) It is, however, a condition of recovery that the wife's failure to support the children was " attributable to a cause not of her own making " (*Olmstead* v. *Olmstead, supra,* p. 605). Here it appears that the wife's custody was conditioned upon her keeping the children in this jurisdiction. (*Matter of Den-*

*berg* v. *Denberg,* 34 Misc 2d 980.) For a substantial part of the period for which recovery is sought the defendant was living in New Jersey.* During this period she could not without effecting a change of residence have complied with the terms of the agreement or any of the court orders made pursuant to it. Her inability to comply could be found to be directly attributable to her own choice of residence and that, failing court permission to change the terms of her custody, she voluntarily gave up her right to custody. As opposed to this, defendant asserts that she was at all times willing to provide a home for the children in New York if she had assurance that they would join her there. Whether in view of her situation this represents a bona fide presentation of her attitude is a factual question.

Obviously any recovery is on the theory that the proceeds should inure to the benefit of the children. While in some instances a judgment is supportable even if this object must fail of accomplishment, an appropriate procedure, practicable in most cases, has been evolved. If upon a trial it is found that the former wife is entitled to any recovery and that no sum has been expended for the infants' support, the said recovery can be directed to be placed in trust by her for the benefit of the infants (*Craig* v. *Craig,* 24 A D 2d 588). By this means the husband will not escape his obligations, nor will the former wife obtain a windfall.

The order should be modified on the law by reversing so much thereof as grants defendant's cross motion for summary judgment, and cross motion denied, and otherwise affirmed, without costs or disbursements.

BOTEIN, P. J., BREITEL, RABIN and WITMER, JJ., concur.

Order and judgment (one paper) unanimously modified, on the law, by reversing so much thereof as grants defendant's cross motion for summary judgment, and cross motion denied, and otherwise affirmed, without costs or disbursements.

---

* It appears that after the parties were divorced she entered into a marriage ceremony with a New Jersey resident. That marriage was later dissolved when it was discovered that the husband had a wife living from whom he had not been divorced. We, of course, predicate no finding of moral unfitness on the part of defendant because of this fact. However, defendant did live with her supposed husband at his home in New Jersey and until the marriage was dissolved she showed no disposition to abandon that residence.