■ NANCY M. WILSON, Respondent, v A. MICHAEL WILSON, Appellant. — Appeal (1) from an order of the Supreme Court in favor of plaintiff, entered October 6, 1982 in Albany County, upon a decision of the court at Trial Term (Hughes, J.), without a jury, and (2) from the judgment entered thereon. The

parties to this matrimonial action were married on August 11, 1967 and have three minor children. The husband left the marital residence in August, 1978 and thereafter commenced an action for divorce in Supreme Court, Rensselaer County. On July 18, 1979, an order was entered in that action directing the husband to pay his wife $185 per week for the support of the children and $400 attorney's fees *pendente lite*. Thereafter, the wife commenced the present action for a divorce in Albany County and the husband's action was discontinued. In October, 1981, defendant husband moved for summary judgment in favor of his wife, and a judgment was entered December 21, 1981 dissolving the marriage and transferring all questions of "ancillary relief, including counsel fees, maintenance, child support, and child custody" to Trial Term for a hearing. After a nonjury trial, conducted in the absence of defendant, the court ruled that plaintiff was entitled to an order (1) directing the clerk to enter a judgment of $9,400 for arrears in child support and counsel fees, (2) awarding plaintiff custody of the infant issue and directing defendant to pay $135 per week for future support of the children, and (3) awarding plaintiff's attorneys $900 in additional counsel fees. Further, in view of defendant's noncompliance with the previous support order and his removal from the State, Trial Term directed the entry of an order pursuant to section 49-b of the Personal Property Law requiring defendant's employer to deduct the amount awarded for future child support from defendant's salary. This appeal by defendant husband ensued. Defendant urges as grounds for reversal (1) that the court's denial of defendant's motion for an adjournment was an improvident exercise of discretion, (2) that the question of support arrearages was not properly before the court, (3) that the trial court erred in refusing to admit certain documentary evidence offered by defendant, and (4) that the court erred in ordering support for the oldest child of the marriage. Since a trial preference had been granted in this case, it was not an abuse of discretion to deny defendant's motion for an adjournment, particularly since the underlying reason was attributable to defendant's deliberate decision to occupy himself on the date set for the commencement of trial in moving from New York State to the State of New Hampshire with his second wife. In deciding such a motion, the court must indulge in a balanced consideration of all relevant factors including the merit of the action, prejudice or lack thereof to the plaintiff, and intent or lack of intent to deliberately default or abandon the action. Here, the action apparently has merit, a trial preference had been granted and the default was intentional. Accordingly, we should not interfere with the exercise of discretion below (cf. *Moran v Rynar*, 39 AD2d 718, 719). As to the issue of whether defendant's support arrearages were properly before the trial court, we note that he was undeniably in arrears pursuant to the terms of an order, dated July 18, 1979, directing that he pay his wife $185 per week for the support of their three minor children. Further, when plaintiff commenced the present action for divorce, defendant discontinued his divorce action and moved for summary judgment in favor of his wife. That motion was granted, plaintiff was granted a divorce and the same judgment transferred all questions of "ancillary relief including * * * child support * * * as demanded in the 'Wherefore' clause of plaintiff's complaint". Paragraph "H" of the wherefore clause read "[t]hat the plaintiff be awarded a judgment in the amount equaling all arrearages outstanding in Albany County Family Court". Thus, it is clear that the issue of support arrearages was properly before Trial Term and defendant's reliance on section 244-a of the Domestic Relations Law is misplaced. That section addresses enforcement proceedings and has no relevancy to the jurisdiction of Supreme Court in determining arrearages in a matrimonial proceeding. Turning to the admissibility of the documentary evidence offered by defendant to support his claim that his failure to comply with the July 18, 1979

temporary order of support was neither deliberate nor willful, we conclude that the court did not err in refusing to accept the documents as proof. Neither defendant's refusal nor inability to pay support were at issue at the September 1, 1982 hearing since no application or notice was made by defendant to modify the support order (Domestic Relations Law, § 246). Further, in the absence of defendant, no proper foundation could have been laid for the admissibility of such evidence. Finally, we also reject defendant's contention that the hearing court erred in directing defendant to pay plaintiff support for the couple's oldest child Layrssa, age 14, because she was not residing with her mother. Subdivision 1 of section 240 of the Domestic Relations Law provides that, "Such direction may require the payment of a sum or sums of money either directly to the custodial parent or to third persons for goods or services furnished for such child, or for both payments to the custodial parent and to such third persons" (see, also, *Denberg v Frischman*, 26 AD2d 266, mot for lv to app dsmd 19 NY2d 595). Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.