■ In the Matter of PIETRO PALMENTIERE, Deceased. MARTHA CAHIR, Respondent; FRANCES SCHMID et al., Appellants.— In a probate proceeding, the objectants Frances Schmid and Dominick Palmentiere appeal from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated July 5, 1989, which, upon granting the petitioner's motion for judgment as a matter of law, which was made at the close of evidence at the trial, admitted the will of Pietro Palmentiere dated May 8, 1985, to probate.

Ordered that the decree is affirmed, with costs payable by the objectants personally.

We find no merit in the appellants' contention that the denial of a requested adjournment was improper. The decision to grant an adjournment is ordinarily committed to the sound discretion of the trial court *(see, Matter of Anthony M.,* 63 NY2d 270, 283-284). Since the handwriting expert, whom the objectants wished to call, was not competent to testify as to the decedent's mental capacity based merely on the decedent's signature *(see, Daniels v Cummins,* 66 Misc 2d 575, *affd* 44 AD2d 775; *Cameron v Knapp,* 137 Misc 2d 373), it cannot be said that the denial of the adjournment constituted an improvident exercise of discretion.

The evidence in the record is unrefuted that, on the day he executed his will, the testator was of sound mind and fully aware of the nature and consequences of his actions in disposing of his property. While it is true that he was aged, the objectants failed to submit any proof that the testator's mental faculties were impaired at that time. Therefore, the Surrogate properly awarded judgment as a matter of law against the objectants on the issue of testamentary capacity *(see, Matter of Kumstar,* 66 NY2d 691; *Matter of Hedges,* 100 AD2d 586, 588).

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.