■ VIOLET M. TERIO, Respondent, v VINCENT TERIO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) a decision of the Supreme Court, Putnam County (Klein, J.H.O.), dated January 17, 1989, which, after a nonjury trial, determined maintenance and equitable distribution of the parties' marital assets, and (2) a judgment of the same court dated March 31, 1989, entered thereon.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

We find there is no basis to disturb the Supreme Court's exercise of discretion in denying the defendant a third adjournment of the trial based on the defendant's alleged mental illness. The law is clear that the conduct of a trial, including adjournments thereof, is committed to the trial court's sound discretion (Matter of Anthony M., 63 NY2d 270, 283; Le Jeunne v Baker, 182 AD2d 969; Matter of Palmentiere, 171 AD2d 871). In deciding whether to grant an application for an

adjournment, the trial court must " 'indulge in a balanced consideration of all relevant factors' " *(Cirino v St. John,* 146 AD2d 912, 913, quoting *Wilson v Wilson,* 97 AD2d 897, 898). The defendant's attorney did not outline the steps he had taken to secure his client's appearance, nor did he provide medical affidavits or other documents demonstrating that the defendant was unable to attend because of his illness. Indeed, there was no indication as to when the defendant would have been ready to proceed. Under these circumstances, the Supreme Court had an ample basis to find that the need for an adjournment resulted from a deliberate failure to attend.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental and reply *pro se* briefs, and find them to be without merit. Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.