■ BAY RIDGE FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v JOHN MORANO, Appellant. [605 NYS2d 377] —In an action for specific performance of an option to purchase real property, the defendant appeals from a judgment of the Supreme Court, Kings County (Spodek, J.), entered March 5, 1991, which, after a nonjury trial, is in favor of the plaintiff and against him.

Ordered that the judgment is affirmed, with costs.

In March 1975 the plaintiff signed a lease to rent premises owned by the defendant. The lease provided for an initial term of 15 years with an option for the tenant to renew the lease for up to three additional 15-year terms. The lease also gave the tenant an option to purchase the property for $350,000. In March 1987 the plaintiff informed the defendant that it intended to exercise its rights under the option to purchase. The defendant rejected the plaintiff's attempt to enforce the option and offered to negotiate for the sale of the property "at a fair market price". The plaintiff commenced this action for specific performance of the option to purchase and the defendant counterclaimed for reformation of the lease on the ground that the option to purchase was unconscionable under

Real Property Law § 235-c. In September 1989 the defendant suffered a stroke which apparently left him unable to recall past events. At the start of the trial in October 1990 the defense counsel requested an adjournment because the defendant was not able to assist in his defense or testify as a result of the stroke. In support of this request, the defendant submitted an affidavit from his treating physician which stated that the defendant would be "unable to participate in the defense of this action for at least the next three to five months". The court denied this application because there was no indication that the defendant would, in fact, be able to participate in the trial even after an adjournment, but ruled that because of the defendant's inability to testify, the defense counsel could read into the record pertinent portions of the defendant's examination before trial, which was taken before he suffered his stroke.

The conduct of a trial, including adjournments thereof, is committed to the sound discretion of the trial court and, in deciding whether to grant an adjournment, the trial court must "indulge in a balanced consideration of all relevant factors" (Wilson v Wilson, 97 AD2d 897, 898; see, Terio v Terio, 190 AD2d 665, 666; see also, Gramma v Gramma, 161 AD2d 899). The court did not improvidently exercise its discretion in denying the defendant's application for an adjournment, given the defendant's condition and the ambiguity in the treating physician's affidavit as to whether the defendant would be able to assist in his defense after an adjournment of three to five months. Furthermore, because it is uncontroverted that the defendant had lost his ability to recall past events, the record supports the trial court's conclusion that the defendant could not provide material testimony concerning the negotiations leading to the formation of the lease in 1975.

The option to purchase is not an unconscionable provision since there is no evidence that the defendant lacked a "meaningful choice" in signing the lease or that the option to purchase is "unreasonably favorable" to the plaintiff (see, Master Lease Corp. v Manhattan Limousine, 177 AD2d 85, 88; State of New York v Wolowitz, 96 AD2d 47, 67). There is no evidence that the lease was unfair when made. The fact that the option to purchase may no longer be beneficial to the defendant as a result of changing circumstances or subsequent events does not preclude its specific performance (see, Khayyam v Diplacidi, 167 AD2d 300; Schmidt v C. P. Bldrs., 36 AD2d 731; Sanford v Smith, 4 Misc 2d 820, 824, affd 273

App Div 928). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.