Schoenfeld, J.
(dissenting). I respectfully dissent in part, and would affirm the order to the extent that the traverse was sustained and the petition dismissed.
The trial judge did not abuse his discretion by going forward with the traverse hearing. A seasoned judge in our busy housing courts should be given all due deference when it comes to case management. Here, the process server failed to adhere to the judge’s clear direction that he return to court at 3:15 p.m. Further, according to petitioner’s own counsel, this process server no longer worked for the process serving company which petitioner had retained. Therefore, in seeking an adjournment, counsel could not ensure that they would ever be able “to bring him back” to testify.
The trial judge, in deciding not to postpone the traverse hearing, considered the prejudice to both sides, and noted the “extreme prejudice” that a delay would cause respondent. This was based upon her unrefuted allegations that she had been “locked out” of the premises, and perhaps more significantly, the fact that a judgment against her had never been entered, nor had a warrant ever been issued. As for the hearing itself, the trial judge accepted the request by petitioner’s counsel to take judicial notice of the filed affidavit of service, the validity of which was sufficiently rebutted by respondent’s testimony.
*20 In denying petitioner’s request for a continuance, the trial judge gave respective counsel an opportunity to be heard, considered the surrounding facts and circumstances, and weighed the prejudice to both sides. (Wilson v Wilson, 97 AD2d 897, 898 [3d Dept 1983]; Balogh v H.R.B. Caterers, 88 AD2d 136, 143 [2d Dept 1982].) His decision to go forward with the traverse hearing was therefore not an improvident exercise of discretion.
Suarez, EJ., and McCooe, J., concur; Schoenfeld, J., dissents in part.