Jett v Demadet (2024 NY Slip Op 51006(U))

[*1]

Jett v Demadet

2024 NY Slip Op 51006(U)

Decided on August 4, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 4, 2024
Supreme Court, Kings County

Anthony T. Jett, Plaintiff,

against
Emile Demadet, JESSICA CLEANING SERVICES INC., JOSEPH F. CHARLES, ABM LIMO, INC., and CENTURY AUTO SALES INCORPORATED, Defendants.

Index No. 5112/2015

Law Offices of Aleksandr Vakarev, Brooklyn (James Landau of counsel), for Plaintiff.
Scahill Law Group, P.C., Bethpage (Sam Amini of counsel), for Defendants Emile Demadet & Jessica Cleaning Services Inc.

Aaron D. Maslow, J.

Issue Presented: Should a trial on damages be delayed due to Plaintiff's being emotionally upset over the jury's verdict at the liability stage? This Court answers in the negative.
This action was begun in 2015, nine years ago. Plaintiff Anthony T. Jett alleged personal injuries as a result of a November 12, 2014 motor vehicle accident. Based on testimony adduced at the liability phase of the trial, Plaintiff was a pedestrian on Church Avenue in Brooklyn, having crossed Rogers Avenue in a westerly direction in the northern crosswalk of the intersection. Simultaneously, two vehicles had been driving northbound on Rogers Avenue on the block between Erasmus Street from the south to Church Avenue on the north. One vehicle was operated by Defendant Emile Demadet and the other by Joseph F. Charles. Facing Church Avenue, Demadet was in the left lane of travel, while [*2]Charles was in the right lane of travel. According to the deposition transcript of a bystander, there were two sideswipes between the two vehicles. Then, Defendant Demadet made a left turn onto Church Avenue. He struck a log or some other low barrier from a construction project, flipped over upside down, and pinned Plaintiff underneath.
According to the County Clerk's minutes, most of the proceedings in this action took place in the years 2015 to 2017. It appears that during the Covid-19 pandemic of 2020-2022, there was little activity. On October 26, 2023, Hon. Justice Lawrence Knipel ordered the parties to appear in the Jury Coordinating Part on February 6, 2024. Trial counsel for Plaintiff entered a notice of appearance on July 19, 2024 (dated July 16, 2024).
Notably, Defendant Demadet's vehicle (owned by Defendant Jessica Cleaning Services Inc.) carried a liability policy with only the minimum $25,000 coverage for one person injured in an accident. The vehicle operated by Defendant Charles (maintained by Defendant ABM Limo, Inc. and owned by Defendant Century Auto Sales Incorporated) carried a liability policy with coverage of $100,000 for someone injured.
The insurer of the Demadet vehicle tendered its $25,000 policy. The insurer of the Charles vehicle made an offer of settlement. Plaintiff rejected settlement and elected to try the claim.
The matter was assigned to this Court for trial. As per the practice in Supreme Court, Kings County, the trial was bifurcated. Liability and damages were to be tried separately. Testifying at the liability phase over the course of several days were Plaintiff, Defendant Demadet, Defendant Charles, and a police officer who arrived at the scene (now a detective). The latter had no personal knowledge of the underlying facts of the accident. The parties stipulated to have the deposition transcript of the bystander read to the jury. Finally, after several days of trial, the jury was charged on Thursday, August 1, 2024. That same day, after deliberating, it reached a verdict, finding Defendant Demadet liable (negligent and his negligence being a substantial factor). The jury found Defendant Charles not negligent. The practical result of this was that, going into the damages phase of the trial, Plaintiff would be unable to recover against the insurance policy covering the Charles vehicle. While a damages verdict against Defendant Demadet probably would exceed the $25,000 insurance coverage, collecting the amount in excess of $25,000 might prove challenging.
The Court noted that Plaintiff was visibly upset at the outcome of the jury's liability verdict. In fact, after the jury was excused for the day on August 1st, Plaintiff, who was present throughout the liability phase of the trial, did not return to the courtroom as the Court considered Plaintiff's counsel's motion to set aside the jury verdict (which it denied) and reviewed the status of the proceedings with counsel. The Court scheduled a pre-damages trial conference for the next day, Friday, August 2, 2024.
Appearing on August 2nd were counsel for Plaintiff and Defendants Demadet and Jessica Cleaning Services Inc. Plaintiff absented himself. The purpose for the conference was to schedule the beginning of the damages phase of the trial and review who would be testifying. It was at this conference that Plaintiff's counsel made an application to adjourn the damages trial due to Plaintiff being emotionally upset over the jury's verdict from the day before. Evidently, Plaintiff had been counting on being recompensed for his injuries in part from the insurance policy covering the Charles vehicle and was severely disappointed over the jury's finding that Defendant Charles was not liable.
This Court denied the application to adjourn the damages phase of the trial due to Plaintiff's emotional state. The Uniform Rules for the Supreme Court and the County Court provide at 22 NYCRR § 202.42 (e) as follows: "In the event of a plaintiff's verdict on the issue of liability or a defendant's verdict on the issue of liability on a counterclaim, the damage phase of the trial shall be conducted immediately thereafter before the same judge and jury, unless the judge presiding over the trial, for reasons stated in the record, finds such procedures to be impracticable." This Court construes such requirement as creating a presumption that in a bifurcated trial, the parties shall proceed forthwith to the damages phase upon a determination of liability. The bystander's deposition testimony, of which the parties were aware for several years, appeared to have inculpated Defendant Demadet as being the cause of the accident. As such, Plaintiff should have anticipated the possibility that Demadet would be held 100% liable and Charles exculpated of liability. The Court, in fact, found that the a reasonable jury could so find, especially since Demadet's answers on the witness stand were not responsive to many questions; he denied there being a passenger in his vehicle when the police report listed one; and his description of his speed and distance traveled was questionable.
A party who presents his claims to the jury — in this instance that Defendants Demadet and Charles were both liable — must be reconciled to a disappointing verdict. However, being disappointed does not constitute a basis for delaying the final resolution of the claim, i.e., the amount of damages to which the Plaintiff is entitled, even if it might be challenging for him to collect on it since the other Defendant, who had better insurance coverage, has been relieved of liability.
While this Court was unable to locate appellate authority on whether a damages trial should be delayed due to a plaintiff's being emotionally upset over the liability determination in a bifurcated trial, it is evident that requests to adjourn trials are usually due to the asserted unavailability of a party, counsel, or an expert witness (e.g. Matter of Cassini, 182 AD3d 1 [2d Dept 2020] [time needed for new counsel to prepare]; Melendez v Stack, 171 AD3d 726 [2d Dept 2019] [after several adjournments unavailability of expert not sufficiently established]; Cox v Marshall, 161 AD3d 1140 [2d Dept 2018] [plaintiff failed to advise counsel of going on concert tour]; Park Lane Owners, Inc. v Gengo, 151 AD3d 874 [2d Dept 2017] [failure to notify court of previously scheduled vacation; counsel left before trial]; SKR Design Group, Inc. v Avidon, 32 AD3d 697 [1st Dept 2006] [lawyer had not recovered from surgery]; Matter of Shepard, 286 AD2d 336 [2d Dept 2001] [party needed to locate attorney with knowledge of attempt to execute will]; Bay Ridge Fed. Sav. & Loan Assn. v Morano, 199 AD2d 354 [2d Dept 1993] [party suffered stroke but court would permit reading portions of deposition testimony]; Cirino v St. John, 146 AD2d 912 [3d Dept 1989] [plaintiff's medical expert could not testify on scheduled date due to surprise inspection at his hospital]; Ivor, Inc. v Hayes, 53 AD2d 541 [1st Dept 1976] [lawyer had not brought witness to court]).
Although counsel alleged that Plaintiff was emotionally upset over the jury's liability verdict, there is no showing of clinical mental illness on Plaintiff's part. Even if so, a mere allegation of such would be insufficient:
We find there is no basis to disturb the Supreme Court's exercise of discretion in denying the defendant a third adjournment of the trial based on the defendant's alleged mental illness. The law is [*3]clear that the conduct of a trial, including adjournments thereof, is committed to the trial court's sound discretion (Matter of Anthony M., 63 NY2d 270, 283; Le Jeunne v Baker, 182 AD2d 969; Matter of Palmentiere, 171 AD2d 871). In deciding whether to grant an application for an adjournment, the trial court must " 'indulge in a balanced consideration of all relevant factors' " (Cirino v St. John, 146 AD2d 912, 913, quoting Wilson v Wilson, 97 AD2d 897, 898). The defendant's attorney did not outline the steps he had taken to secure his client's appearance, nor did he provide medical affidavits or other documents demonstrating that the defendant was unable to attend because of his illness. Indeed, there was no indication as to when the defendant would have been ready to proceed. Under these circumstances, the Supreme Court had an ample basis to find that the need for an adjournment resulted from a deliberate failure to attend. (Terio v Terio, 190 AD2d 665, 665-666 [2d Dept 1993].)
Adjournment of a trial lies within the sound discretion of the court (see Matter of Cassini, 182 AD3d at 9; Yuliano v Yuliano, 175 AD3d 1354 [2d Dept 2019]. This Court finds that an adjournment of this trial is not warranted.
Although Defendant Demadet's counsel acceded to Plaintiff's adjournment request, the Court finds that the need for the court system to advance the determination of cases filed years ago, and not leave matters in limbo, outweighs sympathy for Plaintiff's predicament. The court system is still in the process of moving along cases whose resolution was delayed due to the pandemic. Plaintiff's note of issue was filed back in 2017. If he was ready for trial then, he should be prepared to proceed now in 2024, especially since we are in the midst of the trial; one half if it concluded and the jury will be returning for the second half.
Here, Plaintiff is available for trial. He just is angry over the jury's liability verdict. Pique at the jury for its resolution of liability is an insufficient excuse for not proceeding to the damages phase of the trial. The Court directed the parties to proceed to the damages phase on Monday, August 5, 2024, at 10:30 a.m., with Plaintiff to be ready to testify and to present his medical evidence from one or more medical professionals.
Dated: August 4, 2024
Brooklyn, NY,
AARON D. MASLOW
Justice of the Supreme Court of the State of New York